IN THE

# SUPREME JUDICIAL COURT,

IN THE

# COUNTY OF PENOBSCOT.

## 1849.

HENRY WARREN, *petitioner for partition, versus* INHABI-
TANTS OF STETSON.

Where one holding office, has authority, in the exercise of such office, to
convey real estate for the benefit of others, his deed, though signed, sealed
and delivered, is void, if it purport to have been executed, not in the exer-
cise of *that* office, but of some *other* office.

Thus, where one, who was treasurer of the town, and also of the board of
trustees of the ministerial and school fund, executed a deed of land,
signing it as "treasurer of the *town*," the deed is merely void, though it
would have been effectual if he had, by direction of the board of trustees,
executed it as *their* treasurer.

If it be so that the selectmen, treasurer and clerk of a town are authorized
to convey the ministerial and school lands, it is essential to the validity of
the conveyance that the clerk, *as a distinct branch of the board*, should
join in the deed. — Per WELLS, J.

PETITION FOR PARTITION of lands in Stetson, being the
ministerial and school lots, in which the petitioner alleged that
he was seized of an undivided half.

The inhabitants of Stetson, by brief statement, alleged that
the petitioner was not seized of any part of said lands, but
that they were sole seized.

At the trial, before Wells, J. the petitioner offered a deed from Samuel Stetson and others, and it was objected to. A part of it ran thus, "that we Samuel Stetson, treasurer of Stetson, Isaac Bicknell, William Thompson and James Piper, selectmen of said town, being the board of trustees of the ministerial and school lands of said town, in consideration of, &c., give, grant," &c. the lots described in said petition with covenants. The deed was signed " Samuel Stetson, treasurer of Stetson, Isaac Bicknell, William Thompson, selectmen of Stetson," and was acknowledged by Stetson and Bicknell.

By the records of the town, it appeared that the persons named in the deed, were duly chosen and qualified town officers, as named in the deed.

The presiding Judge ruled that the deed did not convey the land ; that if said officers were the legal treasurer and selectmen of the town, the deed executed by them, with its description of the grantors, was not sufficient to convey the lots ; and that the petitioner must show, that the treasurer of said board of trustees had given bond, before the board could lawfully make the conveyance.

If either of said rulings was right, the petitioner is to become nonsuit, but if both were erroneous, the case to stand for trial.

*Warren, pro se.*

1. It is not essential to the validity of a deed by trustees of ministerial and school funds, that a bond should be given by their treasurer.

The statute is directory, merely. Statute of 1824, chap. 254.

Whether a duty, imposed by law on a corporation, is directory or essential, must be determined by its nature and objects, the public convenience, and what may have been understood to be the intention of the Legislature. *M. Bridge Proprietors* v. *Brooks*, 13 Maine, 395 ; *U. S. Bank* v. *Dandridge*, 12 Wheaton, 64 ; 15 Mass. 107, where it was held that acts of a sheriff or coroner are valid, before bond given. .

In actions, brought by trustees of ministerial and school

funds, it is not necessary to prove their organization. 3 Fairf, 381.

This is not like the case of bonds given to Judges of Probate, because in this case, a bond is presumed ; for there are no records, and after a little time, no mode exists of proving that a bond was given ; and, if a record were made, it is for the interest of the town to have it destroyed.

2. The execution of the deed is good.

The seal is good, as the seal of the board. *Mill Dam Foundry* v. *Hovey*, 21 Pick. 417.

The deed is not vitiated by others of the corporation signing it, besides the treasurer. 3 Johns. 228.

General principle as to *form*, is, that if it appears from the contract, that it was the intent that the corporation should be bound, they will be so bound, whatever the particular form of the writing. Angell & Ames on Corp. 239 ; Statute of 1823, c. 220.

A deed by an agent, in his own name, is made good by statute. Statute of 1823, chap. 220, vol. 3, p. 249.

*Cutting*, for defendant.

1. The deed conveys nothing. There is no pretence that the signers had any but an official interest. The requirements of the statute must be complied with, before the title will pass.

Objections are many, under the statute of February 12, 1834 ; 3d vol. old laws, chap. 254.

If the trustees *could* convey without vote, or by their treasurer, *all* must be parties. The town clerk is nowhere named in the deed, either in the body or as a signer.

The deed names three selectmen, but only two sign it, and only one acknowledges it. It must appear that all the members of the board were consulted. 16 Maine, 184.

But if all had signed it, and the clerk also, it is not the statute mode. See sect. 3. " Any deed duly executed by the treasurer of said board, by direction of trustees, shall be good and effectual in law, to pass the estate."

S. Stetson is named in the deed, as treasurer of *Stetson*, and signs it as treasurer of *Stetson*. But the statute requires the treasurer of the *board* and not of the town. He may be and often is, some other member. He may be the town clerk. The trustees, (sect. 2,) " shall elect a president and treasurer, annually." The *town* treasurer is not ex-officio treasurer of this board.

This body of trustees is a corporation, so declared in the second section. It has a corporate name, different from that in the deed, and has *a common seal*, with all usual corporate powers. Sect. 3, gives the corporation power to sell and convey all ministerial and school lands, and then points out how this corporation can convey, as before stated.

No corporation, duly organized, can convey except by vote or by deed, under the corporate name and seal, and by the authorized officer. If all the individuals, composing a corporation, should execute a deed of corporate property, it would not pass. *Jackson* v. *Campbell*, 5 Wend. 572.

" A deed, describing the grantors as a corporation, executed by the president in his own name and seal, does not pass the title from the corporation." *Hatch* v. *Burr*, 1 Ham. 390 ; *Stowe* v. *Wise*, 7 Conn. 214.

2. It is clear that the treasurer must have given bond, as the Court ruled. The statute so requires.

Where the statute requires that an officer shall do some act, as preliminary to exercising the duties of his office, as giving a bond, or taking an oath, it must appear that the act has been done, before he can act.

WELLS, J. — The act of February 12, 1824, c. 254, § 2, makes the selectmen, town clerk and treasurer, for the time being, of every town in the State, where no other provision has by law been made, a body corporate, and trustees of the ministerial and school funds, with the powers incident to such corporations. Among the powers enumerated is that of having a common seal. It is also provided, that the trustees shall annually elect a president, clerk and treasurer, that the treas-

urer shall give bond with sufficient sureties, in the opinion of the trustees, for the faithful discharge of his trust, and the clerk shall be sworn to the faithful performance of his duty.

The trustees have been regarded as a corporation. *Trustees of ministerial and school fund in Levant* v. *Parks*, 1 Fairf. 441 ; 3 Fairf. 381.

If a deed, signed by a majority of the selectmen, town clerk and treasurer, would be valid, *ratione officii*, the deed under which the petitioner claims, not having been signed by the town clerk, one branch of the board of trustees, cannot have the effect of a conveyance.

The third section of the act provides, " that said trustees shall have power to sell and convey all the ministerial and school lands belonging to their respective towns, &c. And any deed duly executed by the treasurer of said board, by direction of said trustees, shall be good and effectual in law, to pass the estate described in such deed of conveyance."

One of the persons who signs the deed describes himself as treasurer of Stetson. But it is the treasurer of the board, chosen by the trustees, not the treasurer of the town, who is empowered to execute the deed.

The deed not having been properly executed, it is not necessary to consider the other question presented in the case, and the petitioner must become nonsuit.